UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Krystal Pope,** | **Court File No.** |
| Plaintiff, | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **City of Minneapolis; and Officers Alexander Walls, Joshua Domek, David Nerling, and Derek Chauvin, in their individual and official capacities,** | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution and under the common law of the State of Minnesota.

2. It is alleged that Defendants violated Plaintiff's constitutional rights under the United States Constitution as well as Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

1

## PARTIES

5. Plaintiff Krystal Pope was at all material times a resident of the State of Minnesota.

6. Defendant Officers Alexander Walls, Joshua Domek, David Nerling, and Derek Chauvin were at all times relevant to this complaint, duly appointed and acting Police Officers employed by the City of Minneapolis acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or City of Minneapolis.

7. Defendant City of Minneapolis is a municipal corporation and the public employer of Defendant Officers Alexander Walls, Joshua Domek, David Nerling, and Derek Chauvin. The City of Minneapolis is sued directly and on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

## FACTS

8. On September 4, 2017, Minneapolis police officers arrived at the home of Ms. Pope, her mother and her younger brother. Her mother had been drinking heavily and had called police because she was angry that Ms. Pope and her brother were charging their cellular telephones.

9. Police were directed to the room of Ms. Pope's younger brother, age 14. They began beating and torturing him, including hitting him in the head with a flashlight and kneeling on his neck. Ms. Pope heard this and emerged from her room. She stood in the hallway and verbally objected to the police abuse of her brother.

10. In response, the Defendant Officers attacked Ms. Pope and handcuffed her. Although Ms. Pope only verbally criticized the Defendant Police Officers for abusing and torturing her brother, she was arrested and taken to a juvenile detention facility.

11. As a result of the excessive force used on her and the false arrest, Ms. Pope suffered extreme psychological trauma and required mental health therapy.

12. As a result of the actions of the officers, Ms. Pope suffered physical pain and discomfort, loss of freedom and liberty, emotional distress, and violation of her constitutional rights.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANT OFFICERS

13. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizure and excessive force under the Fourth Amendment to the United States Constitution when they attacked Plaintiff, handcuffed her, and arrested her without probable cause or other legal justification.

15. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT FAILURE TO INTERVENE AGAINST ALL INDIVIDUAL DEFENDANT OFFICERS

16. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, the Defendant Officers had a constitutional duty to intervene and protect Plaintiff from excessive force. The Defendant Officers observed the use of excessive force on Plaintiff from a close distance and had the means and opportunity to intervene and protect Plaintiff but failed to intervene.

18. As a result of this constitutional violation, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST ALL INDIVIDUAL DEFENDANT OFFICERS

19. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, the Defendant officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised her right to free speech protected by the First Amendment when she criticized the Defendant officers' abuse and torture of brother. The Defendant officers retaliated against Plaintiff by subjecting her to excessive force and arresting her without justification. These actions against Plaintiff were sufficiently serious to chill a person of ordinary firmness from engaging in protected speech.

21. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: 42 U.S.C. § 1983 – FIRST AND FOURTH AMENDMENT (*MONELL*) VIOLATIONS AGAINST DEFENDANT CITY OF MINNEAPOLIS

22. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

23. Prior to September 4, 2017, Defendant City of Minneapolis developed and maintained policies and/or customs and/or practices and/or lack of discipline, training, and policies exhibiting deliberate indifference to the constitutional rights of persons in its care and custody, which caused the violations of Plaintiff's constitutional rights.

24. It was the policy and/or custom and/or practice of Defendant City of Minneapolis to inadequately supervise and train its employees, including Defendant Officers Alexander Walls, Joshua Domek, David Nerling, and Derek Chauvin., thereby failing to adequately prevent and discourage further constitutional violations.

25. As a result of these policies and/or customs and/or practices and/or lack of discipline, training, and policies, employees of Defendant City of Minneapolis, including Defendant Officers Alexander Walls, Joshua Domek, David Nerling, and Derek Chauvin., believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. These policies and/or customs and/or practices and/or lack of discipline, training, and policies were the cause of the violations of Plaintiff's constitutional rights alleged herein.

### COUNT 5: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

27. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

28. Based on the above factual allegations, the Defendant Officers owed Plaintiff a duty and standard of care to act toward Plaintiff consistent with accepted police practices and department policies, including a duty and standard of care to intervene to protect Plaintiff from acts of physical abuse and false arrest and a duty not to arrest Plaintiff without probable cause. Based on the facts set forth above, the Defendant Officers breached these accepted standards of care and violated Minneapolis Police Department policies and procedures.

29. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' negligence.

30. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

### COUNT 6: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

31. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

32. Based on the above factual allegations, the Defendant Officers negligently inflicted emotional distress upon Plaintiff. Specifically, the Defendant Officers engaged in negligent conduct that placed Plaintiff in a zone of danger of physical impact created by the negligence

of the Defendant Officers. As a result of this negligent conduct, Plaintiff feared for her safety and suffered severe emotional distress with attendant physical manifestations.

33. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' negligence.

34. As a direct and proximate result of this negligent infliction of emotional distress, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all claims set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: August 4, 2023

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com